
IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 14, 2016 Session

**ALANNA CHRISTINE HOWE v. JOHN ASHLEY HOWE**

**Appeal from the Chancery Court for Hamilton County**
**No. 070768     Pamela A. Fleenor, Chancellor**

_____

**No. E2016-01212-COA-R3-CV**

_____

This post-divorce appeal concerns the requested modification of a parenting plan designating the father as the primary residential parent and awarding the mother reasonable visitation. The mother filed a petition to modify, alleging that a material change in circumstances necessitated her designation as the primary residential parent. The father objected and filed a motion for contempt for failure to pay child support. Following a hearing, the court held the mother in contempt for failure to pay and denied her request for designation as the primary residential parent. However, the court awarded her additional co-parenting time, finding that a modification of the residential schedule was warranted. The mother appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and THOMAS R. FRIERSON, II, JJ., joined.

Paul W. Ambrosius, Nashville, Tennessee, for the appellant, Alanna Christine Howe.

John P. Konvalinka, Cleveland, Tennessee, for the appellee, John Ashley Howe.

**OPINION**
**I.     BACKGROUND**

Alanna Christine Howe ("Mother") and John Ashley Howe ("Father") were married on December 19, 1992. One child ("the Child") was born of the marriage in September 2005. Mother filed a complaint for divorce on August 30, 2007.

Mother and Father (collectively "the Parties") were divorced by order of the court on September 8, 2008. The divorce decree incorporated a parenting plan in which Father was designated as the primary residential parent, while Mother was granted 65 days of co-parenting time. Mother was also tasked with remitting child support at a rate of $498 per month for an initial six-month period and $758 per month thereafter pursuant to an imputed income "unless she produced documentation to [Father] which would substantiate an income for child support purposes." Thereafter, Mother moved to Florida. The residential schedule became unworkable given her move; however, Father offered alternative visitation in keeping with the parameters of the parenting plan.

On August 27, 2014, Mother filed a petition to modify the parenting plan to reflect her designation as the primary residential parent. In support of her petition, she alleged the following material change in circumstances:

    a.    [Father's] verbal and physical abuse of [the Child], including fits of anger directed at [the Child;]

    b.    [Father's] cohabitating or staying overnight with romantic acquaintances, while in the presence of [the Child];

    c.    [Father's] travel out-of-town for extended periods, with the minor child being kept by [Father's] romantic acquaintances;

    d.    [Father's] failure to comply with his designated parenting times with [the Child];

    e.    [Father's] failure to provide for appropriate medical and dental care for [the Child]; and

    f.    [Father's] failure to notify [Mother] of events and activities regarding [the Child's] school.

Mother further alleged that Father should be held in contempt for failure to comply with the court order prohibiting him from making derogatory remarks about her to the Child or in the presence of the Child.

Father denied Mother's allegations but agreed that a change in the residential schedule was warranted given her relocation to Florida. He also filed a petition for contempt for failure to pay child support in accordance with the court order. He provided that Mother arbitrarily remitted payment at a rate of $280 per month, despite the order directing payment of $758 per month. He further alleged that Mother had obtained

gainful employment and realized a substantial increase in income, thereby necessitating an increase in the amount of support due.

Mother returned to Tennessee during the pendency of the hearing on the petition. Prior to the hearing on the petition, Mother requested permission to present the Child as a witness for an in camera hearing. The court-appointed guardian ad litem objected to the request. The court initially reserved ruling on the issue but ultimately denied Mother's request to call the Child as a witness.

At the hearing, the Parties each presented exhaustive testimony concerning the other's shortcomings as a parent and repeated attempts to antagonize the other parent. These allegations were supported by a number of character witnesses. Much of the testimony will not be recounted here because it is not relevant to the issues raised.

As pertinent to this appeal, Mother testified concerning Father's verbal and physical abuse of the Child. Father admitted that he spanked the Child with a belt on one occasion within the last three years and that he told her to get her "ass" in the car on another occasion. Mother also testified concerning the Child's reluctance to return to Father after visitation.[1] She claimed that the Child was also unhappy with her current school. Father explained that the Child often went through an adjustment period after returning from visitation with Mother.

Mother testified concerning Father's relationship with two women, Kelly Lawson and Hollis Keene. She claimed that he stayed overnight with these women while the Child was present and that the Child viewed inappropriate material while in his care. Father conceded that he spent the night with Ms. Lawson on a regular basis and with Ms. Keene on two occasions while with the Child. He also admitted to leaving the Child with Ms. Lawson while he went on a missions trip. He likewise admitted that the Child viewed an inappropriate video while he was with Ms. Keene.

Mother claimed that Father failed to take the Child to medical appointments and allowed her to stay home from school on occasion for no reason. Father admitted that Mother kept medical appointments for the Child while he did not. He agreed that he allowed the Child to stay home from school on one occasion. He explained that they were both not feeling well and that he decided to stay home to spend time with her.

Mother testified that she presented Father with income information upon which child support could be calculated and that she remitted payment in accordance with that

---

[1] Mother's claim was verified by Rosella Parolari, Sherry Bishop, and Amy Daniels.

information.[2]  She provided that she was employed by a church at a rate of $10 per hour shortly following the divorce.  She said that she moved to Florida in January 2013 to pursue an employment opportunity that allowed her to realize an increased income of $76,000 per year.  She maintained her employment until February 2015, when she accepted employment as dean at a university.  She noted that her income increased from $76,000 to $85,000 per year.  She maintained her employment until May 2015, when she returned to Tennessee to be with the Child.  She explained that she was able to maintain her employment in a different capacity but that her income decreased to $35,000 per year.

Father agreed that he discussed Mother's income information with her and that he received some documentation.  He claimed that he was unsure how she calculated her support obligation.  He asserted that she failed to increase her payments as her income increased and to provide income information on a yearly basis as required.

Following the hearing, the Guardian advised the court that the Child would like to spend more time with Mother.  However, the Guardian believed that the continued designation of Father as the primary residential parent was in the Child's best interest.  The trial court agreed and found that Mother failed to establish a material change in circumstances supporting her requested designation as the primary residential parent.  However, the court awarded her 135 days of co-parenting time, finding that a material change in circumstances warranted modification of the residential schedule.  Relative to child support, the court found Mother in contempt for failure to remit payment as ordered and entered judgment against her for the arrearage.  In so finding, the court acknowledged that Mother had presented proof of her income to *Father* but that she failed to seek relief from the court order by filing a petition to modify her support obligation.  The court ordered each party to pay their own attorney fees and to split the Guardian's fee.  The Parties each filed a motion. This timely appeal followed the consideration of the motions and entry of an amended order.

## II.  ISSUES

We consolidate and restate the issues on appeal as follows:

A.  Whether the trial court abused its discretion in refusing to permit the in camera testimony of the Child.

B.  Whether the trial court abused its discretion in excluding the testimony of Mother's former attorney.

---

[2] Mother presented an offer of proof in the form of testimony from her prior attorney, Pam O'Dwyer, who confirmed Mother's assertion.

C.      Whether the trial court erred in finding Mother in contempt.

D.      Whether the trial court abused its discretion in failing to award Father attorney fees and expenses at trial.

## III.    STANDARD OF REVIEW

After a bench trial, we review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). Because the trial court is in the best position to observe witnesses and evaluate their demeanor, we afford great deference to a trial court's credibility determinations. *Hughes v. Metro. Govt. of Nashville and Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011). We review questions of law de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

Rulings on admissibility of evidence are within a trial court's discretion, and an appellate court will set aside such decisions "when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of evidence." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999). We review the decision of the trial court to determine: "(1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principle, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Id.* at 223. Improper admission or exclusion of evidence requires a new trial if the outcome of the trial was affected. Tenn. R. App. P. 36(b); *White*, 21 S.W.3d at 222.

## IV.    DISCUSSION

### A.

Mother argues that the court abused its discretion in denying her request to present the Child as a witness to her allegations of physical and emotional abuse and neglect. She asserts that she is entitled to a new hearing because her attempt to support the factual allegations of her petition was thwarted by the court's erroneous refusal to consider the Child's testimony. Father responds that the court did not abuse its discretion in excluding the Child's testimony when the testimony would have been cumulative and biased by Mother's influence. He explains that he admitted to the majority of Mother's allegations and that despite his admissions, the court still denied Mother's requested designation as the primary residential parent.

In denying Mother's request to call the Child as a witness, the court found as follows:

> The [c]ourt is going to exercise its discretion and not hear testimony from the [C]hild. She's under 12 years of age. I don't want to put her through this. I have examined other children that are teenagers. It's very difficult. I've never had one that was not difficult.
>
> I also believe that she's very much aware of this case and this case has been discussed with her, she is in the middle, and she's been influenced, if not coached, and I don't believe it's going to assist the [c]ourt in any way in making its decision. So the [c]ourt's going to exercise its discretion and not interview [her], although I've heard a lot of wonderful things about her and I certainly would love to meet her at some point, but I'm not going to put her through that.

Relevant evidence is defined by Rule 401 of the Tennessee Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. "In other words, evidence is relevant if it helps the trier of fact resolve an issue of fact." Neil P. Cohen, et al., Tennessee Law of Evidence § 4.01[4], at 4-9 (5th ed. 2005). "Evidence which is not relevant is not admissible." Tenn. R. Evid. 402. If the evidence is relevant, it is admissible unless another legal rule excludes it. Tenn. R. Evid. 402.

Under Rule 403 of the Tennessee Rules of Evidence, the trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This rule requires trial courts to conduct a two-part balancing test. *White*, 21 S.W.3d at 227. First, the trial court must "balance the probative value of the [challenged evidence] against the countervailing factors." *Id.* "After the court has engaged in the balancing analysis, it may then exercise its discretion to determine whether the evidence should be excluded if the prejudice substantially outweighs the probative value of the evidence." *Id.* (citation omitted).

The trial court is best situated to conduct the Rule 403 balancing test. Here, the proffered testimony concerned the Child's desire to live with Mother and her corroboration of Mother's factual allegations contained in the petition. Assuming, without deciding, that the Child's testimony was relevant, her corroboration of Mother's factual allegations was of minimal probative value when the record reflects that Father

admitted to the majority of the allegations. Additionally, the Guardian advised the court of the Child's desire to spend more time with Mother. In deference to the trial court's discretion in such matters, we affirm the court's ruling.

## B. & C.

Mother argues that the court erred by holding her in contempt for failure to pay child support when she followed the express terms of the court's order by providing Father with income information upon which child support could be calculated. She further claims that the court abused its discretion in excluding testimony from her former attorney that would have substantiated her claim. Father responds that the court did not err by holding Mother in contempt for failure to pay child support when the support order was never modified. He explains that the proffered testimony was irrelevant because the court holds the exclusive authority to modify a child support obligation.

Here, the proffered testimony would have simply corroborated Mother's claim that she provided Father with income information upon which child support could be calculated. Assuming, without deciding, that the testimony was relevant, her corroboration of Mother's factual allegations was of minimal probative value when the record reflects that Father admitted to the receipt of some income information. Moreover, a child support order is not subject to modification prior to the date that an action for modification is filed. Tennessee Code Annotated section 36-5-101(f)(1) provides, in pertinent part, as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. *Except as provided in subdivision (f)(6), such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.* If the full amount of child support is not paid by the date when the ordered support is due, the unpaid amount is in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per year. All interest that accumulates on arrearages shall be considered child support.

(Emphasis added.). Accordingly, we affirm the court's finding of contempt and the exclusion of the attorney as a witness.

D.

Father claims that the court abused its discretion in failing to award attorney fees and expenses, including the cost of the Guardian, at trial because he was successful on the pertinent issues before the court. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009).

A right to recover attorney fees in custody disputes was created in Tennessee Code Annotated 36-5-103(c), which provides,

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, *in the discretion of such court*.

(Emphasis added.). In deference to the trial court's discretion in such matters, we affirm the court's refusal to award attorney fees and expenses, including the cost of the Guardian, at trial.

V. CONCLUSION

The decision of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Alanna Christine Howe.

_____<br>
JOHN W. McCLARTY, JUDGE

- 8 -